UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KABITA CHOUDHURI, Plaintiff, v. SPECIALIZED LOAN SERVICING, et al., Defendants. | Case No. 3:19-cv-04198-JD<br><br>**ORDER DISMISSING COMPLAINT AND DENYING MOTIONS**<br><br>Re: Dkt. Nos. 1, 2, 3 |
|---|---|

Pro se plaintiff Kabita Choudhuri seeks a temporary restraining order and permission for electronic case filing. Dkt. Nos. 2, 3. These motions are denied. The complaint is also dismissed with leave to amend.

**DISMISSAL OF COMPLAINT**

The Court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Rule 8(a)(2) requires the complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet that rule and survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This calls for enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Despite the Court's duty "to construe pro se pleadings liberally, including pro se motions as well as complaints," plaintiff's claims are dismissed for the reasons discussed below. *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003).

The complaint does not state a plausible legal claim or grounds for any relief. The complaint discusses, at length, federal schemes like the Home Affordable Modification Program, Dkt. No. 1 at 3-4, but fails to explain how there has been any violation of that program.

Plaintiff has failed to allege facts that demonstrate the named defendants, Specialized Loan Servicing and Bosco Credit LLC, are liable for any misconduct. Plaintiff claims that Wells Fargo, not a party to this case, "fraudulently foreclosed" between April 2007 and September 2007 and alleges many other instances of fraud. *Id.* at 11. However, simply asserting that an action was taken "fraudulently," as plaintiff does throughout the complaint, is not enough to make out a plausible claim. *See* Fed. R. Civ. P. 9 ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). Similarly, plaintiff accuses defendant Specialized Loan Servicing of "applying illegal fees and unfair interest," but does not explain why any fees are illegal or interest unfair. Dkt. No. 1 at 16. For Count 4, plaintiff should describe in more detail her submission of a completed loan modification application, defendants' pending review of that application, and defendants' efforts to foreclose, including relevant dates.

**TEMPORARY RESTRAINING ORDER AND INJUNCTION**

The standards for deciding whether to grant a temporary restraining order are like those the Court uses to decide whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The Supreme Court has established that a plaintiff "seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tip in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Given the Court's decision on the sufficiency of the complaint, plaintiff is not likely to succeed on the merits and the motion for a temporary restraining order is denied. The Court also takes note that plaintiff is "hopeful that a solution may be offered by the alleged current owner of the alleged bad debt" because of recent correspondence with defendant Bosco Credit LLC. Dkt. No. 2 at 5.

**CONCLUSION**

While the Court has considerable doubt that amendment will be effective, Choudhuri may file an amended complaint by no later than **August 14, 2019.** Failure to meet that deadline will result in dismissal with prejudice under Rule 41(b). If Choudhuri chooses to amend, she should be mindful of the legal standards discussed in this order.

The request for permission to use electronic case filing is denied.

**IT IS SO ORDERED.**

Dated: July 24, 2019

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KABITA CHOUDHURI,<br><br>    Plaintiff,<br><br>    v.<br><br>SPECIALISED LOAN SERVICING, et al.,<br><br>    Defendants. | Case No. 19-cv-04198-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 24, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kabita Choudhuri
331 Richardson Way
Mill Valley, CA 94941


Dated: July 24, 2019

Susan Y. Soong
Clerk, United States District Court


By: _____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

4