UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KABITA CHOUDHURI,<br><br>Plaintiff,<br><br>v.<br><br>SPECIALISED LOAN SERVICING, et al.,<br><br>Defendants. | Case No. 3:19-cv-04198-JD<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 21 |

Pro se plaintiff Choudhuri alleges claims under federal and state law against two defendants, Specialised Loan Servicing and Bosco Credit LLC ("Bosco"), over their servicing of her mortgage loans. The Court dismissed the original complaint under Federal Rule of Civil Procedure 12(b)(6) on its own motion. Dkt. No. 6. Choudhuri's motion for a temporary restraining order and injunction was denied in the same order. *Id.* Defendant Bosco's motion to dismiss the first amended complaint was granted in a bench ruling. Dkt. No. 17. Choudhuri filed a second amended complaint. Dkt. No. 20 ("SAC").

Bosco has moved to dismiss the SAC under Rule 12(b)(6). Dkt. No. 21. The Court found the motion to be suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Dkt. No. 25. The parties are familiar with the record, and the Court stated the well-established standards that govern consideration of the motion in the prior dismissal orders. Bosco's motion is granted in part and denied in part.

Choudhuri's fraud claim in Count One against Bosco is dismissed because she has not alleged "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). She alleges that Bosco failed to apply payments to the equity line it holds and has fraudulently claimed she owes

over $200,000. Dkt. No. 20 at 8-9. While she makes new allegations that she made payments from 2005 to 2010, she still has not nudged her claim "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Choudhuri does not explain how the claimed debt of $200,000 fails to take account of these prior payments or that such a failure was fraudulent. Choudhuri also makes the somewhat inconsistent statements that she "relied heavily on promises" by Bosco, but that "Bosco refused to respond to" her to discuss these concerns. Dkt. No. 20 at 9.

These allegations are not sufficient under Rule 8 to state a plausible claim, and they also do not satisfy the "particularity" requirements for fraud claims under Rule 9. Choudhuri will have one final opportunity to allege that Bosco fraudulently failed to apply prior payments to her debt.

Count Two for negligence and breach of the implied covenant of good faith and fair dealing is dismissed because Choudhuri alleges nothing more than threadbare "recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The SAC offers only the conclusory allegations that Bosco had obligations to her, and that it acted "deceptively," was "negligent," and breached its duty of care. Dkt. No. 20 at 10. How all of that happened is left unsaid. Choudhuri has already been advised that such vague allegations do not state a claim. Dkt. No. 6 at 2. Count Two is dismissed. Because Choudhuri has had ample opportunity to address clearly identified shortcomings in this claim, and did not fix them, the dismissal is with prejudice. *Navajo Nation v. Dep't of Interior*, 876 F.3d 1144, 1174 (9th Cir. 2017).

Part of Count Three for "promissory estoppel" and under the "Holder Rule" will go forward. Choudhuri has plausibly alleged a violation of the Real Estate Settlement Procedures Act (RESPA). Choudhuri says that she sent multiple qualified written requests (QWRs) about her loan to Bosco, and that she never received a response. Dkt. No. 20 at 12. She alleges she suffered emotional distress as a result of these actions. *Id.* Under RESPA, a servicer of a federally related mortgage is required to acknowledge "receipt of the correspondence within 5 days" or take "the action requested." 12 U.S.C. § 2605(e)(1)(A). A qualified written request (1) reasonably identifies the borrower's name and account; (2) either states the borrower's reasons for believing

2

the account is in error or provides other sufficient detail regarding the information sought by the borrower; and (3) seeks information relating to the servicing of the loan. *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012). Choudhuri attached a QWR she sent to the SAC at Exhibit G. Dkt. No. 20 at ECF p.33. The letter provided at Exhibit G meets all these requirements.

It is true that Choudhuri did not specifically cite RESPA in connection with the factual allegations about Bosco's failure to respond to her QWRs. That does not bar the claim. She is acting pro se and her complaint is liberally construed. *See Padin v. J.P.*, Case No. 20-cv-03802-JD, 2020 WL 3128895, at *1 (N.D. Cal. June 12, 2020). The allegations gave Bosco "fair notice of the . . . claims and the grounds on which they are brought." *Firstface Co., Ltd. v. Apple, Inc.*, Case No. 18-cv-02245-JD, 2019 WL 1102374, at *1 (N.D. Cal. Mar. 8, 2019). Bosco itself acknowledges that "it is apparent that Plaintiff is attempting to state a claim under section 2605 of RESPA, which concerns QWRs." Dkt. No. 21 at 11. Bosco says the QWR at Exhibit G was sent to the wrong address and that Choudhuri's damages were caused by her failure to make payments, not by its failure to respond to her QWRs. But "resolving fact disputes is not within the motion to dismiss procedure." *Rasooly v. Peine*, Case No. 15-cv-04540-JD, 2016 WL 3443382, at *2 (N.D. Cal. June 23, 2016). Choudhuri has adequately stated a claim under RESPA.

Count Four, which alleges violations of dual-tracking prohibitions under federal regulations, 12 C.F.R. § 1024.41(g), and the California Homeowners Bill of Rights, Cal. Civ. Code § 2923.6, is dismissed with prejudice. Dual-tracking is when servicers initiate foreclosure proceedings while in loan modification discussions with borrowers. Count Four fails because these prohibitions do not apply to Bosco, who holds an "equity line" on Choudhuri's home. Dkt. No. 20 at 9. The federal regulations that prohibit dual-tracking are more limited than those under RESPA and explicitly do "not include open-end lines of credit (home equity plans)." 12 C.F.R. § 1024.31. Similarly, California's prohibition on dual-tracking only applies to "first lien mortgages or deeds of trust." Cal. Civ. Code § 2924.15. Choudhuri agrees that Bosco does not hold the first lien mortgage. Dkt. No. 20 at 9.

1    Count Five for violations of the Fair Debt Collection Practices Act is dismissed for lack of
2    facts stating a plausible claim. Choudhuri's claim under Cal. Civ. Code § 2924.11 against Bosco
3    is dismissed because that provision, like California's dual-tracking prohibition, applies only to
4    first lien mortgages. Cal. Civ. Code § 2924.15. In light of multiple opportunities to plead these
5    claims, they are dismissed with prejudice.

6    Count Six for harassment, breach of contract, and the covenant of quiet enjoyment, is also
7    dismissed for failure to state a claim. Choudhuri has not alleged facts showing that Bosco's
8    notices of default make it liable for harassment. The representation that Choudhuri has been
9    "videotaped by Defendants' agents and subjected to verbal abuse by these agents," Dkt. No. 20
10   at 16, is troubling but this is presented as something a witness will say at trial, and not as a well-
11   pleaded claim. She was also required to plead facts about Bosco's violation of the covenant of
12   quiet enjoyment. It is further unclear what contract is at issue in this count, let alone how it was
13   breached by Bosco. She will have one final opportunity to re-plead these claims.

14   Choudhuri also repeatedly alleges that Specialised Loan Servicing, who has appeared but
15   not responded to the SAC, Dkt. Nos. 31, 32, has conspired with Bosco in violation of the
16   Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1962. Nothing in the
17   SAC comes close to adequately alleging a conspiracy or a RICO claim, which is subject to fairly
18   specialized pleading requirements. Choudhuri adds some commentary in her opposition to the
19   motion to dismiss, but that is no substitute for presenting facts in the SAC. *See Silbersher v.*
20   *Valeant Pharm. Int'l, Inc.*, ___ F. Supp. 3d ___, 2020 WL 2323001, *10 (N.D. Cal. May 11,
21   2020). The Court has serious doubts from what it has seen so far in this case that a plausible
22   conspiracy or RICO claim can be alleged. Even so, Choudhuri will have one last opportunity to
23   try.

24   To summarize, only the RESPA claim may proceed at this time. Choudhuri may file an
25   amended complaint by August 10, 2020, that addresses the conspiracy, RICO, harassment, and
26   Bosco's failure to apply prior payment allegations only. She may not re-allege any of the other
27   dismissed claims, or add any new claims or defendants, without the Court's prior approval.
28

1  Failure to follow these limitations will result in dismissal with prejudice of the improper new
2  material under Rule 41(b).
3       If the amendment deadline is not feasible in light of the public health situation, the parties
4  may agree on a new date by stipulation.  If the parties cannot agree, a party may ask the Court to
5  extend the deadline.  Failure to amend by August 10, 2020, in a manner consistent with the
6  Court's order will result in dismissal of Count One and Count Six, as well as the conspiracy and
7  RICO claims, under Rule 41(b).  Defendant Bosco may not foreclose on the property until the
8  Court resolves the amended complaint, if one is filed.
9       The docket indicates that all defendants have appeared in this case.  The Court will order
10 this foreclosure-related action to the Alternative Dispute Resolution (ADR) Unit for a telephone
11 conference to assess this case's suitability for mediation or a settlement conference.  Except for
12 plaintiff's filing of an amended complaint by August 10, 2020, the case is otherwise stayed in all
13 respects pending the ADR proceedings.
14 **IT IS SO ORDERED.**
15 Dated:  July 11, 2020

JAMES DONATO
United States District Judge