UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KABITA CHOUDHURI,<br><br>Plaintiff,<br><br>v.<br><br>SPECIALISED LOAN SERVICING, et al.,<br><br>Defendants. | Case No. 3:19-cv-04198-JD<br><br>**ORDER RE MOTIONS TO DISMISS**<br>Re: Dkt. Nos. 47, 53 |

This order resolves defendants' motions to dismiss, Dkt. Nos. 47 (Bosco Credit motion), 53 (Specialised Loan Servicing motion), pro se plaintiff Choudhuri's third amended complaint (TAC), Dkt. No. 42. The parties' familiarity with the record is assumed. All of the claims in the TAC are dismissed except for the RESPA claim against both defendants in the "promissory estoppel" count. The requests for judicial notice are denied as moot. Dkt. Nos. 48, 55.

Fraud (Count 3): In the order dismissing the second amended complaint, the Court advised Choudhuri that she had not provided enough facts to plausibly allege that Bosco had fraudulently failed to apply prior payments to her debt. Dkt. No. 33 at 1-2. The TAC did not remedy this shortfall, and certainly not with the specificity required by Federal Rule of Civil Procedure 9(b). *See Irving Firemen's Relief & Ret. Fund v. Uber Tech., Inc.*, 998 F.3d 397, 404 (9th Cir. 2021). The fraud claim is dismissed with prejudice.

Civil RICO (Count 2): The Court advised Choudhuri in the dismissal order that the TAC did not allege enough facts to state a plausible claim for racketeering under the RICO statute, 18 U.S.C. § 1962. Dkt. No. 33 at 4. The TAC similarly fails to adequately allege any of the elements of a RICO claim, including an enterprise or pattern of racketeering activity. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010). The lack of a plausible substantive claim

forecloses a RICO conspiracy claim. *Id*. at 559. The RICO claim is dismissed with prejudice.

Harassment/Contract Claim (Count 4): The dismissal order concluded that the second amended complaint had not alleged enough facts to plausibly state harassment or breach of contract claims, including a failure to allege a contract in issue. Dkt. No. 33 at 4. The TAC again did not add enough new facts to fill in these gaps. Count 3 is dismissed with prejudice.

To the extent Choudhuri sought to allege new claims in the TAC, they are dismissed on the basis of the prior order, which barred new claims without the Court's prior approval. Dkt. No. 33 at 4. As the Court previously stated, it has liberally construed Choudhuri's pleading efforts in light of her pro se status. *Id*. at 3. The same is true here. Dismissal with prejudice is warranted because Choudhuri has had multiple opportunities to state plausible claims, and specific guidance from the Court on where her prior efforts fell short. *See Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1174 (9th Cir. 2017).

The parties are directed to submit by July 16, 2021, a proposed scheduling order for the RESPA claim.

**IT IS SO ORDERED.**

Dated: June 18, 2021

JAMES DONATO
United States District Judge