UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KABITA CHOUDHURI, | Case No. 3:19-cv-04198-JD |
| Plaintiff, | |
| v. | **ORDER RE SUMMARY JUDGMENT AND STAY** |
| SPECIALISED LOAN SERVICING, et al., | Re: Dkt. No. 71, 80, 83 |
| Defendants. | |

After several rounds of motions and orders, *see* Dkt. Nos. 6, 33, 65, one claim remains in this case: did defendants Specialized Loan Servicing (SLS) and Bosco Credit LLC (Bosco) fail to respond to "qualified written requests" (QWRs) from pro se plaintiff Kabita Choudhuri about a mortgage on her home, in violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.*, (RESPA)? The answer is no, and defendants' motions for summary judgment are granted. *See* Dkt. Nos. 80, 83. Choudhuri's request to stay foreclosure, Dkt. No. 71, is denied.

**DISCUSSION**

## I.    LEGAL STANDARDS

Parties "may move for summary judgment, identifying each claim or defense -- or the part of each claim or defense -- on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A fact is material if it could affect the outcome of the suit under the governing law. *Id.* To determine whether a genuine dispute as to any material fact exists, the Court views the evidence in

the light most favorable to the nonmoving party, and "all justifiable inferences are to be drawn" in that party's favor. *Id.* at 255. The moving party may initially establish the absence of a genuine issue of material fact by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). It is then the nonmoving party's burden to go beyond the pleadings and identify specific facts that show a genuine issue for trial. *Id.* at 323-24. "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). It is not the Court's task to scour the record in search of a genuine issue of triable fact. *Winding Creek Solar LLC v. Peevey*, 293 F. Supp. 3d 980, 989 (N.D. Cal. 2017), *aff'd*, 932 F.3d 861 (9th Cir. 2019).

## II.   SUMMARY JUDGMENT RE SLS

SLS says that it is entitled to summary judgment because Choudhuri did not send a QWR to the RESPA address established by SLS. There is no genuine dispute about this dispositive fact, and so summary judgment is granted in favor of SLS.

RESPA requires that "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or the agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days." 12 U.S.C. § 2605(e)(1)(A). A servicer must respond to the QWR within 30 days. 12 U.S.C. § 2605(e)(2). The implementing regulations for RESPA state that a "servicer may, by written notice provided to a borrower, establish an address that a borrower must use to request information." 12 C.F.R. § 1024.36(b).

If a servicer establishes a RESPA address and notifies a borrower of it, a borrower has a QWR claim only if she sent the QWR to that address. 12 C.F.R. § 1024.36(b). Several circuit courts have concluded that a QWR sent to an address other than the established address of the servicer does not trigger a duty under RESPA. *See Roth v. CitiMortgage Inc.*, 756 F.3d 178, 182 (2d Cir. 2014) ("As long as a servicer complies with the notice requirements of 24 C.F.R. § 3500.21 for designating a QWR address, a letter sent to a different address is not a QWR."); *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1149 (10th Cir. 2013) ("Failure to send the QWR

1   to the designated address 'for receipt and handling of QWRs' does not trigger the servicer's duties

2   under RESPA."); *Wease v. Ocwen Loan Servicing, LLC*, 915 F.3d. 987, 995 (5th Cir. 2019)

3   ("Ignoring an exclusive QWR address carries harsh consequences. Circuit courts consistently

4   conclude that a loan servicer need not answer a misaddressed QWR -- and that responding to such

5   a letter does not trigger RESPA duties -- if the servicer set an exclusive address."). The Ninth

6   Circuit has held as much in an unpublished opinion, which is instructive, albeit not binding. *See*

7   *Ho v. Recontrust Co.*, 669 F. App'x 857, 858 (9th Cir. 2016) (no claim when borrower did not

8   send QWR "to the address specified by her loan servicer") (unpublished). District courts within

9   our circuit have reached the same conclusion. *See, e.g., Loewy v. CMG Mort., Inc.*, 385 F. Supp.

10  3d 1083, 1086 (S.D. Cal. 2019).

11          SLS has demonstrated that it established a mailing address for RESPA purposes, and

12  provided notice of the address to Choudhuri. Choudhuri did not proffer any evidence indicating

13  that she sent a QWR to SLS's designated address. This is fatal to her claim against SLS.

14          The evidence is not subject to a genuine dispute. SLS sent Choudhuri a notice on

15  December 7, 2018, stating its established address for a RESPA QWR. Dkt. No. 80-5 at ECF 68.

16  The notice provides in pertinent part: "A notice of error or request for information regarding the

17  servicing of the mortgage account (including a qualified written request) must be sent to this

18  address: Specialized Loan Servicing LLC, P.O. Box 630147, Littleton, CO 80163-0147." *Id*.

19  (cleaned up). SLS sent a second notice to Choudhuri on August 20, 2020, in a letter denying

20  Choudhuri's request for a loan modification. *Id*. at ECF 112. Choudhuri says that she never

21  received the notice of SLS's designated address, but the record indicates that SLS used her correct

22  mailing address, and Choudhuri has not rebutted the presumption that the notices were duly

23  delivered. *Busquets-Ivars v. Ashcroft*, 333 F.3d 1008, 1010 (9th Cir. 2003) ("The rule is well

24  settled that if a letter properly directed is proved to have been either put into the post-office or

25  delivered to the postman, it is presumed, from the known course of business in the post-office

26  department, that it reached its destination at the regular time, and was received by the person to

27  whom it was addressed."); Dkt. No. 90 at 4.

28

United States District Court
Northern District of California

1    The record indicates, again without a genuine dispute, that Choudhuri did not send a QWR

2    to the address established by SLS.  Choudhuri sent a QWR on June 6, 2020, to Specialized Loan

3    Servicing, 8742 Lucent Boulevard, Ste. 300, Highlands Ranch, CO 80129.  Dkt. No. 80-4 at ECF

4    47.  This was not the established address.  Choudhuri emailed a QWR to SLS's attorneys at Duane

5    Morris.  Dkt. No. 80-3 at ECF 4, 6.  Emailing a QWR is not sufficient because an email address is

6    not the established RESPA address.  *See Berneike*, 708 F.3d at 1149 ("Communication failing to

7    meet the requirements of RESPA and its implementing regulation amounts to nothing more than

8    general correspondence between a borrower and servicer."); *Loewy*, 385 F. Supp. 3d at 1087 n.1

9    ("The Loewys' email, by virtue of being a digital communication, was necessarily not sent to this

10   designated mailing address.").

11   Choudhuri also points to several monthly mortgage statements on which she wrote notes

12   by hand about QWRs, and which she says she mailed to SLS.[1]  Dkt. No. 90 at 2; Dkt. No. 90-1 at

13   6-9.  These notes are not QWRs within the meaning of RESPA, which states that a QWR "shall be

14   a written correspondence, other than notice on a payment coupon or other payment medium

15   supplied by the servicer."  12 U.S.C. § 2605(e)(1)(B).  Choudhuri says that her handwritten notes

16   on the monthly mortgage statements were "QWR cover letter[s]," Dkt. No. 90 at 4, but she did not

17   produce any evidence indicating that a QWR was attached to the notes.  In any event, the

18   handwritten notes were again sent to an address that was not the SLS established address.

19   Choudhuri sent them to P.O. Box 636007, Dkt. No. 80-4 at ECF 30; the designated address was

20   P.O. Box 630147, Dkt. No. 80-5 at ECF 68.

21   Consequently, Choudhuri has not established a genuine issue of material fact about

22   sending a QWR to SLS's designated address.  Summary judgment is granted to SLS on the

23   RESPA claim.

---

[1] SLS objects to these notes because Choudhuri did not produced them in discovery.  Dkt. No. 96 at 3.  The objection is overruled.  SLS attached the same pages as an exhibit to its summary judgment motion.  *See* Dkt. No. 80-4 at ECF 38-39.

United States District Court
Northern District of California

### III. SUMMARY JUDGMENT RE BOSCO

Bosco has asked for summary judgment on the ground that it is not a loan servicer subject to RESPA's QWR requirements.  Dkt. No. 83 at 10-12.  Under RESPA's implementing regulations, a servicer is defined as "a person responsible for the servicing of a federally related mortgage loan (including the person who makes or holds such loan if such person also services the loan)." 12 C.F.R. § 1024.2(b).  Servicing is defined as "receiving any scheduled period payments from a borrower pursuant to the terms of any federally related mortgage loan" and "making payments to the owner of the loan or other third parties of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the mortgage servicing loan documents or servicing contract."  *Id*.  The obligations to respond to a QWR under RESPA relate to loan servicers, not loan originators or loan holders.  12 U.S.C. § 2605(e); *see also Ho*, 669 F. App'x at 858 ("Since neither of these entities was the loan servicer, neither entity was required by RESPA to respond to Ho's QWRs."); *Santos v. U.S. Bank N.A.*, 716 F. Supp. 2d 970, 979 (E.D. Cal. 2010) ("RESPA does not require loan originators to respond to QWRs."); *cf. Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 667 (9th Cir. 2012) ("The statute thus distinguishes between letters that relate to borrowers' disputes regarding servicing, on the one hand, and those regarding the borrower's contractual relationship with the lender, on the other.")

Choudhuri's claim against Bosco is based on a home equity credit line and agreement that originated with Cal State 9 Credit Union.  Dkt. No. 83-2 at ¶ 5; Dkt. No. 83-4 at ECF 6.  The record demonstrates, without a genuine dispute, that Bosco acquired the credit line in May 2008, and that the servicing of the credit line was transferred to Franklin Credit Management Corp. (Franklin).  Dkt. No. 83-2 at ¶¶ 10-13.  Although Bosco is the holder of the loan, Franklin is the loan servicer for the loan.  *Id*. at ¶ 13.  Choudhuri acknowledged in the TAC that Franklin was the servicer of the loan.  *See* Dkt. No. 42 at 8.

Choudhuri has not proffered any evidence showing that Bosco was a loan servicer with respect to her credit line.  To the contrary, she effectively conceded that Bosco is not a servicer by saying that it should not be allowed to hide behind a servicer to escape liability.  Dkt. No. 88 at 4-

5.  The plain language of the statute bars this theory.  *See also Ho*, 669 F. App'x at 858 (sending a QWR to anyone other than the loan servicer does not trigger RESPA obligations).

Consequently, Choudhuri has not demonstrated a genuine dispute of material fact that Bosco was not a servicer within the meaning of RESPA.  Summary judgment is granted to Bosco on the RESPA claim.

## IV.    STAY REQUEST

Choudhuri's request for a stay is not entirely clear.  Dkt. No. 71.  She appears to suggest that a stay is warranted to complete discovery, but also says that SLS had "begun to harass" her with multiple notices of default.  *Id*. at 1.  Discovery has closed, and the record does not indicate harassment by SLS.  To the extent she intended to request a full stop of this litigation, no good reason supports that.  A stay is denied.

### CONCLUSION

The grants of summary judgment terminate this case.  The case is closed.  A judgment for the prevailing parties will be entered separately.

**IT IS SO ORDERED.**

Dated:  April 20, 2022

_____

JAMES DONATO
United States District Judge

United States District Court
Northern District of California